UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| RHONDA TAYLOR, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO. _____ |
| vs. ) | |
| ) | |
| GEORGIA-PACIFIC, LLC, ) | |
| SWING TRANSPORT, INC., and ) | |
| JOHN DOE, ) | |
| ) | |
| DEFENDANTS. ) | |

**DEFENDANTS'**
**NOTICE OF AND PETITION FOR REMOVAL**

COME NOW Defendants Swing Transport, Inc. ("Swing Transport") and Georgia-Pacific LLC, incorrectly identified above as Georgia-Pacific, LLC ("GP"), and file this Notice of and Petition for Removal in the above-referenced matter.

1.

This action is removed to the United States District Court for the Southern District of Georgia, Augusta Division, on the basis that this Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1332, based upon complete diversity of citizenship of the parties and satisfaction of the requisite jurisdictional amount in controversy.

2.

On or about June 22, 2018, Plaintiff originally filed this negligence action in the State Court of Richmond County, Georgia against Swing Transport and GP in the case styled as Rhonda Taylor v. Georgia-Pacific, LLC, et al, Case No. 2018-RCSC-00850 (the "State Court Action").

3.

On or about July 12, 2018, counsel for Swing Transport acknowledged service of a Complaint in the above-referenced matter. Swing Transport thereafter timely filed an Answer to the Complaint in the State Court Action.

4.

On or about July 26, 2018, GP was served with the Complaint through its registered agent. GP thereafter timely filed an Answer to the Complaint in the State Court Action.

5.

By Order of the Court in the State Court Action dated December 3, 2018, Plaintiff's motion to add Georgia-Pacific Corrugated LLC ("GPC") as a defendant in this action was granted. As of the date of the filing of this Notice of Removal, GPC has yet to be served with a complaint in this matter. Nonetheless, since GPC anticipates being made a party to this action, as counsel for GP will also represent GPC, GPC's citizenship for diversity purposes has also been outlined herein.

6.

Pursuant to 28 USC §1446(a) all process, pleadings and other papers or exhibits of every kind on file in the State Court Action regarding this matter are attached hereto as **Exhibit 1.**

7.

The above-described action is a civil action in which this Court has original jurisdiction under the provisions of 28 USC § 1332(a)(1), and is one which may be removed to this Court by

Defendants, pursuant to the provisions of 28 U.S.C. § 1441, in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

8.

At the time that Plaintiff filed his Complaint in the State Court Action, and at the time of filing this Notice of Removal, complete diversity of existed between Plaintiff and the Defendants to this action pursuant to 28 U.S.C. § 1332.

9.

Plaintiff is a resident and citizen of Richmond County, Georgia, living under the laws of the State of Georgia.

10.

For diversity purposes, a corporation is a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A limited liability company or a limited partnership is a citizen of the state in which its members or partners are citizens. *Rolling Greens MHP, L.P., v. Comcast SCH Holdings, LLC,* 374 F.3d 1020, 1021-1022 (11th Cir. 2004).

11.

Defendant Georgia-Pacific LLC is a limited liability company whose sole member is Georgia-Pacific Holdings, LLC, that is a limited liability company whose sole member is Georgia-Pacific Equity Holdings LLC, that is a limited liability company whose sole member is Koch Renewable Resources, LLC, that is a limited liability company whose sole member

Koch Industries, Inc., that is a corporation organized under the laws of Kansas and having its principal place of business in Wichita, Kansas.

12.

Georgia-Pacific Corrugated LLC is a limited liability company whose sole member is GP Packaging and Cellulose Operations LP, a limited partnership whose partners are GPPC Equity Investor II LLC, GPPC Equity Investor III LLC, GPPC Equity Investor IV LLC.

12.A.   GPPC Equity Investor II LLC is a limited liability company whose members are CAPAG International Treasury LP and GPPC Equity Holdings LLC.

12.A.i.  CAPAG International Treasury LP is a limited partnership whose partners are CAPAG V LLC, GP Treasury Holdings III LLC, and GP Treasury Holdings IV LLC.

12.A.i.a.  CAPAG V LLC is a limited liability company whose sole member is GP Treasury Holdings III LLC, whose sole member is Georgia-Pacific LLC, that is a citizen of the State of Kansas, as set forth in paragraph 11 above.

12.A.i.b.   GP Treasury Holdings III LLC is a limited liability company that is a citizen of the State of Kansas, as set forth in paragraph 12.A.i.a above.

12.A.i.c.   GP Treasury Holdings IV LLC is a limited liability company whose sole member is Georgia-Pacific LLC, that is a citizen of the State of Kansas, as set forth in paragraph 11 above.

12.A.ii. GPPC Equity Holdings LLC is a limited liability company whose sole member is Georgia-Pacific LLC, that is a citizen of the State of Kansas, as set forth in paragraph 11 above.

12.B. GPPC Equity Investor III LLC is a limited liability company whose sole member is Buckeye Technologies LLC, a limited liability company whose sole member is Buckeye Equity Holdings LLC, a limited liability company whose sole member is GPPC Equity Holdings LLC, a limited liability company that is a citizen of the State of Kansas, as set forth in paragraph 12.A.ii above.

12.C. GPPC Equity Investor IV LLC is a limited liability company whose sole member is GP Cellulose, LLC, a limited liability company whose sole member is GPPC Equity Holdings LLC, a limited liability company that is a citizen of the State of Kansas, as set forth in paragraph 12.A.ii above.

13.

Therefore, both at the time the Complaint was filed, and at the time of removal, Georgia-Pacific LLC and Georgia-Pacific Corrugated LLC are both citizens of Kansas.

14.

Defendant Swing Transport is a North Carolina company with a principal place of doing business in North Carolina. *See* Complaint ¶ 2.

15.

Defendant John Doe's citizenship is not considered in diversity analysis. 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction

under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

16.

Complete diversity exists.

17.

This action centers on an allegedly negligently loaded trailer that purportedly injured Rhonda Taylor on or about May 11, 2017.  Complaint ¶¶ 4-7.  Plaintiff's Complaint did not describe the severity or nature of Plaintiff's injuries, but generally alleges to have "suffered personal injury, required medical care, incurred medical bills, miss time from work, lost wages and experience the pain and suffering of mind and body." *Id.* ¶¶ 8 and 9.  Defendants, therefore, did not have any way to reasonably ascertain the amount in controversy at the time of filing.

18.

In a case such as this, where the complaint fails to specify the amount of damages sought, the defendants need only show "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement."  *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010).  If "not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Pretka,* 608 F.3d at 754.

19.

"The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. In addition to filing a notice of removal, "[d]efendants may introduce their own affidavits, declarations, or other documentation" in order to satisfy the jurisdictional requirements of removal. *Pretka*, 608 F.3d at 755. A removing defendant may make specific factual allegations establishing jurisdiction and may support them with "reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id*. at 754. This evidence may be presented with the filing of the notice of removal (as it is here), or after the filing of the notice of removal. *Id.* at 772-74.

20.

On January 2, 2019, Defendants received medical bills that, for the first time, indicated that Plaintiff has purportedly incurred medical expenses exceeding $75,000.00.  In addition, on that same date, Defendants received a "Medical Bills Statement" produced by Plaintiff that shows medical bills totaling $124,327.28.  *See* **Exhibit 2**.

21.

28 U.S.C. § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

22.

Defendants are filing this Notice of Removal within thirty (30) days after receipt of "other paper" in accordance with 28 U.S.C. § 1446(b)(3). *See also* 28 U.S.C. § 1446(c)(3)(A)

(noting that "information relating to the amount in controversy" constitutes "other paper" under the removal provisions). Written notice of filing of this Notice of and Petition for Removal will be given to the Plaintiff promptly after the filing of this Motion as is required by law.

23.

A true and correct copy of this Notice of and Petition for Removal will be filed with the Clerk of the State Court of Richmond County, State of Georgia promptly after the filing of this Notice of and Petition for Removal as is required by law.

24.

All Defendants consent to removal and have signed below.

25.

Accordingly, Defendants request that the above-referenced State Court Action filed in the State Court of Richmond County be removed to the United States District Court for the Southern District of Georgia, Augusta Division.

RESPECTFULLY SUBMITTED this 31st day of January, 2019.

Bouhan Falligant, LLP

/s/  Dennis B. Keene_____
Dennis B. Keene
Georgia Bar No.:  410801
John D. Harvey
Georgia Bar No.:  335502
Attorneys for Defendant Swing Transport, Inc.

One West Park Avenue
Savannah, Georgia  31401
Phone: (912) 232-7000
Fax: (912) 233-0811

dkeene@bouhan.com,
jdharvey@bouhan.com

                                        Kilpatrick Townsend & Stockton, LLP

                                         _/s/ Joseph H. Huff_____
                                        Joseph H. Huff
                                        Georgia Bar No.:  374935
                                        Laurel Payne Landon
                                        Georgia Bar No.:  718407
                                        *Attorneys for Defendant Georgia-Pacific LLC*
                                        *and for Georgia-Pacific Corrugated LLC*

Enterprise Mill
1450 Green Street. Suite 230
Augusta, GA 30901
Phone: (706) 823-4202
Fax: (706) 828-4453
jhuff@kilpatricktownsend.com
llandon@kilpatricktownsend.com

*Taylor v. Georgia-Pacific, LLC et al.*, No _____ (S.D. Ga).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| RHONDA TAYLOR, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO. _____ |
| vs. ) | |
| ) | |
| GEORGIA-PACIFIC, LLC, ) | |
| SWING TRANSPORT, INC., and ) | |
| JOHN DOE, ) | |
| ) | |
| DEFENDANTS. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the forgoing on the following counsel of record via U.S. Mail:

David B. Bell
P.O. Box 1011
Augusta, GA 30903-1011
*Attorney for Plaintiff*

This 31st day of January, 2019.

                                        Bouhan Falligant, LLP

                                        _/s/ Dennis B. Keene_____
                                        Dennis B. Keene
                                        Georgia Bar No.: 410801
                                        John D. Harvey
                                        Georgia Bar No.: 335502
                                        Attorneys for Defendant Swing Transport, Inc.

One West Park Avenue
Savannah, Georgia  31401
Phone: (912) 232-7000
Fax: (912) 233-0811
dkeene@bouhan.com,
jdharvey@bouhan.com